IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br><br>and )<br><br>STATE OF HAWAI`I, by )<br>Margery S. Bronster, Its )<br>Attorney General, and )<br>LAWRENCE MIIKE, M.D., )<br>Director of Health, State )<br>of Hawai`i, )<br><br>            Plaintiffs, )<br><br>    vs. )<br><br>CITY AND COUNTY OF )<br>HONOLULU, et al., )<br><br>            Defendants. )<br>_____ ) | CIV. NO. 94-00765 DAE-KSC<br><br>FINDINGS AND<br>RECOMMENDATION TO GRANT<br>SIERRA CLUB, HAWAI`I<br>CHAPTER, HAWAI`I'S<br>THOUSAND FRIENDS AND OUR<br>CHILDREN'S EARTH<br>FOUNDATION'S MOTION TO<br>INTERVENE |

FINDINGS AND RECOMMENDATION TO GRANT SIERRA CLUB,
HAWAI`I CHAPTER, HAWAI`I'S THOUSAND FRIENDS AND OUR
CHILDREN'S EARTH FOUNDATION'S MOTION TO INTERVENE

On March 6, 2007, Sierra Club, Hawai`i Chapter,

Hawai`i's Thousand Friends and Our Children's Earth

Foundation ("Applicants") filed a Motion to Intervene

("Motion").[1]  On March 27, 2007, Defendant City and

_____

[1]Applicants first filed their Motion to Intervene
in this case on January 25, 2006.  Applicants and the

County of Honolulu ("Defendant") filed its Opposition.
On March 30, 2007, Plaintiff United States of America
("United States") filed a Statement of Conditional Non-
Opposition and Plaintiff State of Hawaii ("the State")
filed a Joinder to the Statement of Conditional Non-
Opposition on the same date.  On April 5, 2007,
Applicants filed their Reply.

The matter came on for hearing on April 17,
2007.  Attorneys Christopher Sproul and William Tam
appeared on behalf of Applicants; Attorney Edward
Bohlen appeared on behalf of the State; Attorney Robert
Mullaney appeared by phone on behalf of the United
States; and Attorneys Maile R. Chun, Carrie K.S.
Okinaga, and James J. Dragna appeared on behalf of
Defendant.

---

parties entered into a stipulation to stay litigation
in this case to allow time to pursue settlement
discussions.  On August 30, 2006, Applicants gave
thirty days written notice of the termination of the
stay in accordance with the terms of the Stipulation.
After the parties and Applicants reached an impasse in
the settlement discussions, Applicants refiled their
Motion to Intervene.

2

After considering the Motion, the supporting and opposing memoranda, the record herein, and the comments of counsel, the Court FINDS and RECOMMENDS that Applicants' Motion be GRANTED as follows.

<u>Background</u>

On October 3, 1994, the United States and the State filed a Complaint alleging, among other things, that Defendant violated certain provisions of the Clean Water Act ("CWA").  On May 15, 1995, United States District Judge David Alan Ezra issued an Order for Entry of Consent Decree; Consent Decree as Modified by Stipulation ("Consent Decree").  The Consent Decree required Defendant to meet certain objectives related to the Clean Water Act.  <u>See</u> Consent Decree attached as Exhibit A to Applicants' Motion.  Under the terms of the Consent Decree, this Court retains jurisdiction to enforce the terms of the Consent Decree until on or about the year 2019. <u>Id.</u> at 61.

On July 29, 2004, Applicants filed a separate, related action against Defendant. <u>See</u> <u>Sierra Club, et</u>

al. v. City and County of Honolulu, et al., Civil No.
04-463 DAE/BMK ("2004 lawsuit").  On September 30,
2005, Judge Ezra issued an Order Granting Defendants'
Motion to Dismiss Plaintiffs' First, Second, Ninth,
Eleventh, and Twelfth Claims for Relief; Denying as
Moot Defendants' Motion to Dismiss Claims That Are
Time-Barred; Granting Defendants' Motion to Dismiss the
Amended Complaint as to Frank Doyle; Granting
Defendants' Motion for a More Definite Statement;
Denying Defendants' Motion to Stay the Action; Denying
Plaintiffs' Counter Motion for Summary Judgment on
Plaintiffs' Twelfth Claim; and Denying Plaintiffs'
Motion for Partial Summary Judgment on Plaintiffs'
Third, Fourth, Eighth, and Twelfth Claims ("September
30, 2005 Order").  In pertinent part, Judge Ezra held
that Applicants' First and Second Claims were precluded
by res judicata because Applicants' "First and Second
Claims in the current action [the 2004 lawsuit] and the
Third Claim in the EPA lawsuit [the instant lawsuit],
are based on spills from the Collection system and are

4

substantially identical claims."  September 30, 2005

Order at 16.[2]

<u>Analysis</u>

Applicants maintain that they have an

unconditional statutory right to intervene pursuant to

Federal Rule of Civil Procedure ("FRCP")  24(a)(1) and

Section 505(b)(1)(B), 33 U.S.C. 1365(b) as amended, of

the CWA.

FRCP 24(a) allows for non-parties to intervene

as a matter of right and provides:

> Upon timely application anyone shall
> be permitted to intervene in an
> action: (1) when a statute of the
> United States confers an unconditional
> right to intervene; or (2) when the
> applicant claims an interest relating
> to the property or transaction which
> is the subject of the action and the
> applicant is so situated that the
> disposition of the action may as a
> practical matter impair or impede the
> applicant's ability to protect that

---

[2] On April 16, 2007, Judge Ezra issued an Order
Granting Plaintiffs' Motion for Reconsideration of the
September 30, 2005 Order.  However, Applicants only
requested that the Court reconsider its decision as to
their Third and Fourth Claims, which are not relevant
to the instant Motion to Intervene.

> interest, unless the applicant's
> interest is adequately represented by
> existing parties.

Fed. R. Civ. P. 24(a).

The CWA, 33 U.S.C. § 1365(b)(formerly Section 505(b)) provides in pertinent part that no action may be commenced "if the Administrator or State has commenced and is diligently prosecuting a civil or criminal action in a court of the United States, or a State to require compliance with the standard, limitation, or order, but in any such action in a court of the United States any citizen may intervene as a matter of right." 33 U.S.C. § 1365(b)(1)(B).

As a threshold matter, the Court must determine whether § 1365(b)(1)(B) provides Applicants with an unconditional statutory right to intervene.

I.  <u>Judge Ezra's September 30, 2005 Order</u>

In Judge Ezra's September 30, 2005 Order, he noted that the Third Claim in this lawsuit and the First and Second Claims in the 2004 lawsuit are both based on spills from the Collection system and are

substantially identical claims.  September 30, 2005

Order at 16.  Accordingly, Judge Ezra found that

Applicants' First and Second Claims in the 2004 lawsuit

were barred by res judicata.  Id.

Applicants argue that the September 30, 2005

Order dismissing their post-1995 sewage spill claims on

res judicata grounds is predicated on a finding that

Applicants are in privity with the EPA and that the EPA

is diligently prosecuting Defendant's post-1995 Consent

Decree sewage spill violations.  Reply at 6.  Thus,

Applicants maintain that § 1365(b)(1)(B) provides them

the right to intervene.  Id.  Defendant asserts that

since Judge Ezra barred Applicants' claims under the

doctrine of res judicata rather than pursuant to §

1365(b)(1)(B), Applicants cannot avail themselves of

the corresponding right to intervention in that

section.  Opposition at 12-13.

"In order for a judgment in a prior suit to

create a res judicata bar of a subsequent suit, the

second suit must involve the 'same parties or their

privies based on the same cause of action.'" <u>Alaska Sport Fishing Ass'n V. Exxon Corp.</u>, 34 F.3d 769, 773 (9th Cir. 1994)(citing <u>Parklane Hosiery Co. v. Shore</u>, 439 U.S. 322, 326 n. 5 (1979)).  In <u>Alaska Sport</u>, the Ninth Circuit held that sportfishers suing Exxon Corporation for damages that had already been recovered by the governments of Alaska and the United States through a consent decree "were in privity with these governments, as members of the public, and because plaintiffs seek to recover for the very same damages the governments have recovered for, plaintiffs' claims are barred by res judicata." <u>Id.</u>

The Court finds that implicit in the September 30, 2005 Order is a finding that Applicants are in privity with the EPA and that the EPA is already diligently prosecuting the First and Second Claim raised by Applicants in their 2004 lawsuit. Accordingly, the Court finds that § 1365(b)(1)(B) applies and Applicants are entitled to an unconditional

right to intervene in this case, provided that the
Court finds that their application was timely filed.

II.   <u>Timeliness</u>

"Timeliness is a flexible concept; its
determination is left to the district court's
discretion." <u>U.S. v. Alisal Water Corp.</u>, 370 F.3d 915,
921 (9th Cir. 2004)(citing <u>Dilks v. Aloha Airlines</u>, 642
F.2d 1155, 1156 (9th Cir.1981).  "[T]he timeliness
requirement for intervention as a matter of right
should be treated more leniently than for permissive
intervention because of the likelihood of more serious
harm." <u>U.S. v. Oregon</u>, 745 F.2d 550, 552 (9th Cir.
1984)(citation omitted).  The Ninth Circuit considers
three factors in determining whether a motion for
intervention is timely: "(1) the stage of the
proceeding at which an applicant seeks to intervene;
(2) the prejudice to other parties; and (3) the reason
for and length of the delay." <u>County of Orange v. Air
California</u>, 799 F.2d 535, 537 (9th Cir. 1986).

A.   <u>Stage of the Proceeding</u>

Courts have allowed intervention at late stages of litigation. See e.g., Oregon, 745 F.2d at 552 (district court found that the application for intervention was timely based on a change of circumstances that suggested that the litigation was entering a new stage)((citing Hodgson v. United Mine Workers of America, 473 F.2d 118 (D.C. Cir. 1972) (request to intervene as of right after the trial stage allowed where applicants sought to participate in the remedial and appellate phases of the case and agreed not to reopen matters previously litigated); Natural Resources Defense Council v. Costle, 561 F.2d 904, 906-07 (D.C. Cir. 1977) (in assessing timeliness, the district court should consider the reason intervention is sought and court abused its discretion in denying application where applicants sought to participate in settlement agreement's application); Janusziewicz v. Sun Shipbuilding & Dry Dock Co., 677 F.2d 286, 293 (3d Cir. 1982) (intervention should have been granted where applicant sought to participate in a new phase of

litigation)); see also Forest Conservation Council v.
U.S. Forest Reserve, 66 F.3d 1489, 1495 (9th Cir.
1995)(stating that "third parties have been granted
leave to intervene only in the remedial phase of a
case").

However, the Ninth Circuit has refused to allow
intervention where a significant amount of time has
passed and a settlement has been reached. See County of
Orange v. Air California, 799 F.2d 535, 538 (9th Cir.
1986)(finding motion to intervene untimely where a
proposed final settlement had been reached after five
years of litigation).  In addition, "a party's seeking
to intervene merely to attack or thwart a remedy rather
than participate in the future administration of the
remedy is disfavored." Alisal Water Corp., 370 F.3d at
921 (citing United States v. Oregon, 913 F.2d 576, 588
(9th Cir. 1990).

Applicants assert that the case is entering a
new phase of negotiations to implement the 1995 Consent
Decree and therefore intervention is appropriate at

this time.  Reply at 10.  Defendant argues that the lawsuit is not entering a new phase and that the enforcement of the Consent Decree "stage" has been ongoing for 11 years.  Opposition at 19.

While this case has been ongoing for over 12 years, the Court takes due consideration of the fact that the Consent Decree remains effective until 2019. In addition, at the hearing, the parties represented to the Court that the parties intended to supplement the 1995 Consent Decree in the near future.  Based on the record and the representations made to the Court at the hearing, the Court finds that the case is entering a new phase of litigation related to the enforcement and implementation of the Consent Decree and any potential supplemental measures and that it is appropriate for Applicants to file their Motion at this time.

B.  Prejudice

Prejudice to the existing parties is one of the most important factors in determining timeliness. Oregon, 745 F.2d at 553.  In evaluating prejudice,

12

courts consider whether "relief from long-standing inequities is delayed." Alaniz v. Tillie Lewis Foods, 572 F.2d 657, 659 (9th Cir. 1978). The Ninth Circuit has affirmed the denial of motions to intervene in cases where granting intervention might have compromised long-litigated settlement agreements or consent decrees. See County of Orange, 799 F.2d at 538 (9th Cir. 1986). However, the Ninth Circuit is hesitant to find a motion to intervene untimely unless there is serious prejudice. See Natural Resources Defense Council, 561 F.2d at 980 (no prejudice resulting from timing of intervention because proposed intervenors sought to assist in implementing the settlement); Hodgson, 473 F.2d at 129 (no prejudice where proposed intervenors stated they had no intention of reopening any previously-litigated question and only sought to participate in implementation of the remedy).

Applicants contend that there is no serious prejudice to Defendant because Defendant itself admits that Applicants have a role in the ongoing enforcement

of the Consent Decree and has welcomed Applicants'
involvement in the enforcement of the Consent Decree.
Motion at 23.  In addition, Applicants argue that the
parties to the Consent Decree will benefit from
Applicants' participation because they will bring
greatly needed public input, oversight, and diligence
toward achieving the goals of the Consent Decree. <u>Id.</u>
Defendant argues that it would be seriously prejudiced
if intervention were permitted at this time because it
is well on its way to implementing the 25-year program
that was designed to address Collection system claims.
Opposition at 20. In addition, Defendant argues that
Applicants, if permitted to intervene, would derail the
settlement negotiations between the parties that have
been ongoing for a year. <u>Id.</u> at 23.

　　　　For the past year, Defendant has welcomed
Applicants to participate in settlement discussions.
Applicants withdrew from settlement discussions and
filed the instant Motion after determining that they
had arrived at an impasse.  Applicants have represented

14

that they do not intend to relitigate any matters resolved by the 1995 Consent Decree, nor do they seek to have the Consent Decree set aside.  Reply at 18. Rather, Applicants state that "their sole intent in intervening is to ensure that the Consent Decree is implemented and that they have a meaningful role in fashioning any future supplemental relief that emerges from settlement discussions now taking place and/or further proceedings."  Id.  Based upon the record and the representations made by Applicants, the Court cannot say that the parties will suffer substantial or undue prejudice if Applicants are allowed to intervene in this action.

     C.  <u>Reason for Delay</u>

     "A party must intervene when he 'knows or has reason to know that his interests might be adversely affected by the outcome of litigation.'" <u>Alisal Water Corp.</u>, 370 F.3d at 923 (citing <u>Oregon</u>, 913 F.2d at 589).

Applicants assert that they waited to file their Motion to Intervene until there was clear evidence that Defendant was failing to decrease spills as prescribed by the Consent Decree.  Reply at 10. Defendant argues that Applicants have not provided any authority to support their contention that it is appropriate for them to assess the relative success of an ongoing injunctive program and then determine whether the program is effective and whether intervention is necessary.  Opposition at 20. Moreover, Defendant asserts that the sole reason Applicants seek to intervene is because this Court dismissed their near-identical claims in the 2004 lawsuit.  Id. at 25.

In their Motion and Reply, Applicants refer to numerous instances of recent sewage spills occurring on Oahu within the past five years.  Applicants were barred from bringing certain sewage spill claims in the 2004 lawsuit due to the existence of this lawsuit.  The parties have represented to the Court that they have

16

recently been considering supplementing the 1995
Consent Decree to more effectively address the sewage
spill problem.  Based the circumstances presented in
this case, the Court finds that Applicants' delay in
filing the instant Motion is reasonable and justified.

Accordingly, the Court finds that Applicants'
Motion is timely and that they are entitled to an
unconditional statutory right to intervene in this
action pursuant to FRCP 24(a)(1) and § 1365(b)(1)(B).


III. <u>Conditions of Intervention</u>

Under the plain language of FRCP 24(a)(1),
Applicants have an unconditional right to intervene in
this action.  In <u>League of United Latin American
Citizens v. Wilson</u>, 131 F.3d 1297 (9th Cir. 1997), the
Ninth Circuit stated that "[a]s a general rule,
intervenors are permitted to litigate fully once
admitted to suit."

The Court is not aware of any Ninth Circuit
authority specifically permitting it to impose

17

conditions on intervention permitted pursuant to FRCP 24(a)(1).  However, the Advisory Committee note to the 1966 Amendment to FRCP 24 provides that "[a]n intervention of right under the amended rule may be subject to appropriate conditions or restrictions responsive among other things to the requirements of efficient conduct of the proceedings."  In addition, in U.S. v. Duke Energy Corp., 171 F. Supp. 2d 560, 565 (M.D.N.C. 2001), the Middle District of North Carolina held that a magistrate may impose conditions, such as imposing limitations on discovery, on intervention allowed under FRCP 24(a)(1).

The United States does not oppose Applicants' Motion, but requests that the following conditions be imposed in the event that the Court permits intervention: "(1) clarify that the United States and the State of Hawaii shall retain enforcement authority under the 1995 Consent Decree to ensure that [Defendant] complies with its obligations under the Decree; and (2) state that Applicants' role in this

18

case shall not extend to enforcement of the 1995 Consent Decree; (3) stay any litigation in this matter to allow negotiations to proceed; and (4) schedule a telephonic status conference every two months for the parties to discuss settlement issues." United States' Statement of Conditional Non-Opposition at 2.

Applicants have voluntarily agreed to the following conditions and agree that the Court may order: (1) the Applicants not to seek redetermination of any issue already settled in this case nor to seek to set aside any provision of the 1995 Consent Decree; and (2) a stay of litigation for four months to allow for settlement negotiations.  Applicants' Reply to United States' Statement of Conditional Non-Opposition at 3.

In order to promote the efficient conduct of the proceedings and the orderly administration of justice, the Court imposes the following conditions on intervention: (1) Applicants shall not seek redetermination of any issue already settled in this

case nor shall they seek to set aside any provision of the 1995 Consent Decree; (2) Applicants must seek leave of the Court before filing any motion to enforce the 1995 Consent Decree; (3) any party may file a motion seeking to stay the litigation for a reasonable period of time to allow the parties to further engage in good faith settlement discussions; and (4) the Court will assist and facilitate compliance and/or settlement by scheduling telephonic or in-person status conferences on a periodic basis.  These limited conditions are intended to assist the parties going forward and the Court remains available to work with the parties on an as needed basis.

## Conclusion

Based on the foregoing, the Court FINDS and RECOMMENDS that Applicants' Motion be GRANTED and that Applicants shall be given an right to intervene in this action subject to the limited conditions stated above herein.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, May 3, 2007.



_____
Kevin S.C. Chang
United States Magistrate Judge

CV 94-00765 DAE-KSC; <u>United States of America, et al. v. City and County of Honolulu, et al.</u>, FINDINGS AND RECOMMENDATION TO GRANT SIERRA CLUB, HAWAI`I CHAPTER, HAWAI`I'S THOUSAND FRIENDS AND OUR CHILDREN'S EARTH FOUNDATION'S MOTION TO INTERVENE